FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 AUG 16  PM 4: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

GEORGE SUSICK

CASE NO. 8:17-cr-403-T- 17AEP
21 U.S.C. § 841(a)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about July 1, 2017, in the Middle District of Florida, the

defendant,

GEORGE SUSICK,

did knowingly and intentionally possess with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT TWO

On or about July 6, 2017, in the Middle District of Florida, the

defendant,

### GEORGE SUSICK,

did knowingly and intentionally possess with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, and a mixture and substance containing a detectable

amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

1.      The allegations contained in Counts One and Two are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to the provisions of 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 21 U.S.C. § 841(a)(1), as

alleged in Counts One and Two, the defendant, GEORGE SUSICK, shall

forfeit to the United States, pursuant to 21 U.S.C. § 853, all of his rights, titles

and interests in:

        a.      any property constituting, or derived from, any proceeds
                defendants obtained, directly or indirectly, as a result
                of such violation; and

      b.     any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.     The property to be forfeited includes, but is not limited to, $2,216, which constitutes proceeds of the offenses.

4.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property that cannot be divided without difficulty,

3

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28

U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
Mike Gordon
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## GEORGE SUSICK

## INDICTMENT

Violations:   Title 21, United States Code, Section 841(a)(1)

A true bill,

_James Schmidt_
Foreperson

Filed in open court this 16th day of August, 2017.

_____
Clerk

Bail $_____

GPO 863 525